UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Rayshawn Walker,
    Petitioner

vs                            Case No. 1:06cv777
                              (Beckwith, C.J.; Hogan, M.J.)

Ernie Moore,
    Respondent

**REPORT AND RECOMMENDATION**

Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on respondent's motion to dismiss (Doc. 7), which petitioner opposes (Doc. 8).

**Procedural Background**

On October 21, 1999, petitioner was indicted by the Hamilton County, Ohio, grand jury on an aggravated murder charge with three firearm specifications. (Doc. 7, Ex. 1). Petitioner pleaded guilty to a reduced charge of voluntary manslaughter and one of the firearm specifications. (*Id.,* Ex. 2). On April 6, 2000, he was sentenced to a ten (10) year term of imprisonment for the voluntary manslaughter offense, to be served consecutively to an additional five (5) year prison term for the firearm specification. (*Id.,* Ex. 3).

Petitioner did not pursue an appeal as of right from his conviction and sentence. Indeed, he took no action to challenge his conviction until over five and one-half years later, when on November 21, 2005, he filed a *pro se* motion for leave to file a delayed appeal to the Ohio Court of Appeals, First Appellate District. (*Id.*, Ex. 4). In his supporting memorandum, petitioner argued as cause for his failure to perfect a timely appeal that he "was never advised of his right to appeal," and that "the trial court never appointed counsel to timely file a notice of appeal." (*Id.*).

On December 14, 2005, the Ohio Court of Appeals overruled petitioner's

motion for leave to file a delayed appeal on the ground that petitioner had "failed to provide sufficient reasons for failure to perfect an appeal as of right." (*Id.*, Ex. 5).

Petitioner apparently sought leave to appeal further to the Ohio Supreme Court. On April 12, 2006, that court declined jurisdiction to hear the case and dismissed the appeal "as not involving any substantial constitutional question." (*Id.,* Ex. 6). Petitioner filed a petition for writ of certiorari to the United States Supreme Court, which was denied on October 11, 2006. (*See id.,* Ex. 7).

Soon thereafter, in November 2006, petitioner commenced the instant federal habeas corpus action. (Doc. 1). Petitioner alleges three grounds for relief:

> **Ground One:** Petitioner was denied access to available state appellate avenues, violating due process and equal protection.
>
> **Supporting Facts:** Petitioner was not advised of his right to appeal by the sentencing court, was not provided counsel to do so, trial counsel failed to timely appeal and Petitioner was rejected when presenting these facts in a proper request for delayed appeal upon discovering the existence of appellate remedies.
>
> **Ground Two:** Petitioner was deprived of constitutionally effective counsel at all critical stages of the proceedings, violating the Sixth and Fourteenth Amendments.
>
> **Supporting Facts:** During trial court proceedings, trial counsel failed to object to unconstitutional sentencing enhancement based upon uncharged elements and judicial fact finding, failed to advise Petitioner of his right to appeal and failed to timely file a notice of appeal on Petitioner's behalf, and the state court refused to appoint counsel to timely appeal for Petitioner.
>
> **Ground Three:** Petitioner was deprived of due process and the right to jury by judicial fact finding of non-alleged elements to enhance his sentence beyond the maximum.

(*Id.*, pp. 6-9).

In response to the petition, respondent has filed a motion to dismiss, wherein he contends that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. (Doc. 7). Petitioner opposes the motion. (Doc. 8).

## OPINION

### The Petition Should Be Dismissed As Time-Barred

Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, the Court must first determine which limitations provision contained in 28 U.S.C. § 2244(d)(1) applies to petitioner's grounds for relief. Respondent argues that petitioner's cause of action accrued before petitioner's conviction became "final" by the conclusion of direct review or expiration of time for seeking such review; therefore, it is respondent's position that the statute of limitations set forth in § 2244(d)(1)(A) applies, which began to run on May 8, 2000, the next business day after the thirty-day period for filing an appeal as of right under Ohio R. App. P. 4(A) expired. (Doc. 7, Brief, pp. 3-4 & n.1). In contrast, petitioner essentially contends that because he was not informed of his right of appeal when he was convicted and sentenced and because the trial court failed to appoint counsel to file a timely appeal on his behalf, the statute of limitations set forth in § 2244(d)(1)(D)

3

governs his petition, which should be deemed timely under that provision.[1] (*See* Doc. 1, p. 14; Doc. 8).

Respondent has not provided the Court with a copy of the transcript of petitioner's plea and sentencing hearings. Nevertheless, even assuming, as petitioner asserts, that he was not advised of his appellate rights during those proceedings, it is clear from the record that he was made aware before entering the plea agreement with the State that he had a right to an appeal, which he was required to file within a specified time frame. Specifically, under the terms of the written plea agreement executed by petitioner, as well as defense counsel and the assistant prosecuting attorney, petitioner stated:

> . . . .I understand my right to appeal a maximum sentence, my other limited appellate rights and that any appeal must be filed within 30 days

---

[1] In addition, petitioner has asserted that his trial counsel's failure to timely appeal his conviction and sentence constitutes a "state-created impediment" under 28 U.S.C. § 2244(d)(1)(B). (Doc. 1, p. 14; Doc. 8, p. 2). However, § 2244(d)(1)(B) has been found to apply only in cases where the petitioner has alleged that his counsel was ineffective in perfecting or pursuing an appeal requested by him and such ineffectiveness actually prevented petitioner from filing a timely habeas petition. *See, e.g., Waldron v. Jackson,* 348 F.Supp.2d 877, 882-86 (N.D. Ohio 2004); *Woods v. Jackson,* No. 1:00-cv-803, 2006 WL 746293, at *5-7 (S.D. Ohio Mar. 22, 2006) (Spiegel, S.J.) (unpublished); *cf. Winkfield v. Bagley,* 66 Fed.Appx. 578, 582-83 (6th Cir. May 28, 2003) (not published in Federal Reporter), *cert. denied,* 540 U.S. 969 (2003); *Dean v. Pitcher,* No. Civ. 02-71203-DT, 2002 WL 31875460, at *3 (E.D. Mich. Nov. 7, 2002) (unpublished); *Collier v. Dretke,* No. 3:03-CV-2744-L, 2004 WL 1585903, at *2 (N.D. Tex. July 13, 2004) (unpublished Report & Recommendation), *adopted,* 2004 WL 1944030 (N.D. Tex. Aug. 31, 2004); *Felton v. Cockrell,* No. 3:03-CV-0764-L, 2003 WL 21946862, at *3 (N.D. Tex. Aug. 13, 2003) (unpublished Report & Recommendation); *cf. Granger v. Hurt,* 90 Fed.Appx. 97 (6th Cir. 2004) (petition was timely filed under § 2244(d)(1)(D), because the petitioner did not act outside the scope of due diligence by waiting two months before inquiring about the status of his appeal which he believed had been filed by his attorney). *But cf. Dunker v. Bissonnette,* 154 F.Supp.2d 95, 105 (D. Mass. 2001) (rejecting argument that the petitioner's court-appointed attorney was a "state actor" under § 2244(d)(1)(B)).

There is no evidence in the record even remotely suggesting that petitioner requested his trial counsel to file an appeal on his behalf. Moreover, petitioner has not provided any explanation for his over five and one-half year delay in seeking state appellate review of his conviction and sentence. Because there thus is no evidence in the record to support any claim that a state-created impediment actually prevented petitioner from filing a timely habeas petition, the one-year limitations provision set forth in § 2244(d)(1)(B) is inapplicable to the case-at-hand.

>of my sentence.
>
>\*\*\*\*
>
>I have read this form and I knowingly, voluntarily, and intelligently enter this guilty plea.

(Doc. 7, Ex. 2).

Despite the fact that he was made aware of his right to an appeal at the time he entered his guilty pleas, including the limited 30-day time frame in which to perfect an appeal as of right, petitioner took no action to challenge his conviction until well over five and one-half years after the entry of the trial court's judgment on April 6, 2000. To the extent petitioner has argued the plea agreement was "misleading" or otherwise subject to misinterpretation regarding the issues that could be raised on appeal, petitioner has not provided any explanation for his inordinate delay in pursuing any relief in the state courts.[2]

In light of the evidence demonstrating that before entering his pleas, petitioner was made aware that he had the right to an appeal, as well as of the thirty-day time limit for perfecting such an appeal, it appears that the factual predicates underlying all of petitioner's claims for relief were discoverable in the exercise of due diligence

---

[2] The Court further points out that despite petitioner's contention that the "buried" language in the plea agreement regarding his appellate rights was "misleading" (*see* Doc. 8, pp. 2-3), petitioner was expressly advised when he executed the plea agreement that he had a right to an appeal, which he was required to file within thirty days. The awareness of these facts alone was sufficient to constitute notice to petitioner that he had to act promptly within the requisite 30-day time frame to exercise his constitutional right of appeal. Defense counsel would have had to file a notice of appeal on petitioner's behalf if petitioner had requested him to do so within that 30-day period. *See, e.g., Roe v. Flores-Ortega,* 528 U.S. 470, 477 (2000) (citing *Rodriquez v. United States,* 395 U.S. 327 (1969)); *Peguero v. United States,* 526 U.S. 23, 28 (1999); *Waldron v. Jackson,* 348 F.Supp.2d 877, 889 (N.D. Ohio 2004) (and cases cited therein). However, there is no evidence in the record even remotely suggesting petitioner relayed such a request to his trial counsel or, indeed, that he ever expressed any desire to pursue an appeal to counsel or the trial court. *See supra* p. 4 n.1; *cf. Hall v. Yanai,* 197 Fed.Appx. 459, 460-61 (6th Cir. Sept. 27, 2006) (per curiam) (not published in Federal Reporter) (affirming the denial of habeas relief, based on the finding that "in the absence of any indication from [the petitioner] that he wished to appeal his convictions, trial counsel did not have 'the duty to automatically perfect an appeal'" on petitioner's behalf), *cert. denied,* 127 S.Ct. 2944 (2007).

before the conclusion of direct review or the expiration of time for seeking such review. Therefore, the Court concludes that, as respondent has argued, petitioner's claims are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A).

In so ruling, the undersigned is aware of the Sixth Circuit's decision in *DiCenzi v. Rose*, 452 F.3d 465, 469-72 (6th Cir. 2006), *superseding and amending,* 419 F.3d 493, 497-500 (6th Cir. 2005). In *DiCenzi,* the Sixth Circuit vacated the district court's dismissal of claims stemming from defense counsel's and the trial court's alleged failure at sentencing to inform the petitioner of his appeal rights as time-barred under § 2244(d)(1)(A), and remanded the matter for determination as to whether petitioner had acted with due diligence in discovering his right of appeal, thereby triggering the applicability of the later limitations period set forth in § 2244(d)(1)(D).

The undersigned is also aware that in *Wolfe v. Randle,* Case No. 1:00cv410 (S.D. Ohio) (Spiegel, J.) (Doc. 9, March 12, 2001 Report & Recommendation adopted July 3, 2001), the petitioner's claim alleging a denial of his right to appeal was considered timely under 28 U.S.C. § 2244(d)(1)(D), because the statute of limitations did not begin to run until the Ohio Supreme Court affirmed the denial of petitioner's later-filed motion for delayed appeal. However, *DiCenzi* and *Wolfe* are distinguishable from the case-at-hand, because unlike here, in both those cases, there was no evidence in the record that the petitioner had been informed of his right to an appeal during the underlying trial proceedings. *Cf. DiCenzi,* 452 F.3d at 467, 469-70; *Wolfe v. Randle*, 267 F.Supp.2d 743, 746-48 (S.D. Ohio 2003) (involving the "complete failure of the court or counsel to inform Petitioner of his right to appeal").[3]

This case is more akin to another action before this District Court–*Goins v. Sanders,* 1:01cv185 (S.D. Ohio July 23, 2004) (Weber, J.) (Doc. 41). In *Goins,* the Court refused to reopen a case determined to be time-barred under 28 U.S.C. § 2244(d)(1)(A), because in contrast to *Wolfe,* the petitioner had been "specifically informed of his appeal rights at his plea hearing and in writing prior thereto." (*Id.,* p. 2). As in *Goins,* the present record is sufficient to demonstrate that petitioner (1) was

---

[3]*See also Monroe v. Jeffries,* No. 2:05-cv-857, 2007 WL 1814940, at *3 (S.D. Ohio June 21, 2007) (Frost, J.) (unpublished) (remanding for evidentiary hearing in determining when the petitioner's cause of action accrued for statute-of-limitations purposes under 28 U.S.C. § 2244(d)(1), where the record contained "conflicting evidence" as to when the petitioner first learned of his right of appeal).

advised of his right to an appeal within a 30-day time frame before his conviction became "final" under 28 U.S.C. § 2244(d)(1)(A) by the conclusion of direct review or the expiration of time for seeking such review, and (2) thus failed to act with the requisite "due diligence" necessary to trigger the applicability of the later limitations period set forth in § 2244(d)(1)(D).[4]

Under § 2244(d)(1)(A), petitioner's conviction became "final" on May 6, 2000, when the thirty (30) day period expired for filing an appeal as of right to the Ohio Court of Appeals from the trial court's final Judgment Entry issued April 6, 2000. *See* Ohio R. App. P. 4(A). According to respondent's calculations, the statute of limitations commenced running the next business day, which was May 8, 2000, *see* Fed. R. Civ. P. 6; *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on May 8, 2001 absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.[5]

During the one-year limitations period, petitioner was entitled to the benefits of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *cf. Morris v. Bell,* 124 F.3d 198 (table), No. 96-5510,

---

[4]*See also Howard v. Erwin,* No. 1:06-cv-377, 2007 WL 1026373, at * (S.D. Ohio Mar. 30, 2007) (Barrett, J.; Black, M.J.) (unpublished); *Hale v. Warden, London Corr. Inst.,* 1:05-cv-213, 2006 WL 3230856, at *4-8 (S.D. Ohio Nov. 6, 2006) (Barrett, J.; Hogan, M.J.) (unpublished); *Merriweather v. Brunsman,* 1:02-cv-369, 2006 WL 1698825, at *2, 4, 10-12 (S.D. Ohio June 20, 2006) (Spiegel, S.J.; Hogan, M.J.) (unpublished); *Jackson v. Sheets,* No. 1:05-cv-608, 2006 WL 3759700, at *4-7 (S.D. Ohio Aug. 8, 2006) (Hogan, M.J.) (unpublished Report & Recommendation); *cf. Evans v. Lazaroff,* No. 2:06-cv-188, 2006 WL 3759697, at *7-8 (S.D. Ohio Dec. 19, 2006) (Holschuh, J.; Abel, M.J.) (unpublished) (holding *DiCenzi* was "not controlling" in case where the "plea agreement demonstrates that [the petitioner] knew he had a right to appeal but chose not to exercise it to obtain dismissal of some charges and an agreed sentence").

[5]To the extent petitioner contends that his subsequent motion for delayed appeal filed in November 2005 caused the limitations period to begin running anew, his argument must fail. In *Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir.), *cert. denied,* 534 U.S. 905 (2001), the Sixth Circuit held that delayed appeal motions do not retrigger the statute's running, but rather can only serve to toll the limitations period. In *DiCenzi,* the Sixth Circuit further emphasized that a motion for delayed appeal, *"even if granted*, does not restart the statute of limitations, but if properly filed, it does toll the statute during the time the motion was pending." *DiCenzi,* 452 F.3d at 469 (emphasis added).

7

1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied,* 522 U.S. 1149 (1998). The tolling provision, however, does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998); *see also Smith v. McGinnis,* 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Rashid,* 991 F. Supp. at 259; *cf. Cox v. Angelone,* 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

In this case, the statute of limitations expired years before petitioner took any action to challenge his conviction. Therefore, no time remained in the limitations period that could be statutorily tolled under 28 U.S.C. § 2244(d)(2) when petitioner filed his motion for leave to file a delayed appeal on November 21, 2005, over four and one-half years after the statute had ceased running.

Petitioner argues that he is entitled to equitable tolling in this case. (*See* Doc. 1, p. 14; Doc. 8). The statute of limitations may be equitably tolled in limited circumstances. *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988). In *Pace v. DiGuglielmo,* 544 U.S. 408 (2005), the Supreme Court stated that a petitioner seeking equitable tolling generally bears the burden of establishing that (1) he has been pursuing his rights diligently; and (2) "some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418 (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)).

Before *Pace,* the Sixth Circuit required the court to consider the following factors in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

8

*Dunlap,* 250 F.3d at 1008 (citing *Andrews,* 851 F.2d at 151). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

Here, petitioner has not demonstrated that some extraordinary circumstance prevented him from filing a timely federal habeas petition with this Court. He also has not demonstrated he is entitled to equitable tolling under *Dunlap*. First, petitioner does not argue, nor is there evidence in the record to suggest that he was ignorant, or lacked notice or constructive knowledge, of the one-year filing requirement for federal habeas petitions. Moreover, as discussed above, it is clear from the record that petitioner has not been diligent in pursuing his rights. Although the plea agreement read and signed by petitioner notified petitioner of his right to an appeal, which he was required to perfect within 30 days after sentencing on April 6, 2000, petitioner took no action to challenge his conviction or sentence until he filed his motion for delayed appeal over five and one-half years later. Therefore, equitable tolling is inappropriate in this case.

Accordingly, in sum, the undersigned concludes that petitioner's claims for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), and that the statute therefore commenced running on May 8, 2000 and expired one year later on May 8, 2001. Neither the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) nor equitable tolling principles apply to justify excusing the statute of limitations bar in this case. The instant petition filed in November 2006, was filed five and one-half years too late.

It is, therefore, **RECOMMENDED** that respondent's motion to dismiss (Doc. 7) be **GRANTED**, and petitioner's petition for writ of habeas corpus (Doc. 1) be **DISMISSED** with prejudice as time-barred.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 7) be **GRANTED**, and that petitioner's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice as time-barred.

2. A certificate of appealability should not issue with respect to any Order adopting this Court's Report and Recommendation to dismiss the petition with prejudice on procedural statute of limitations grounds, because under the first prong of the applicable two-part standard established in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[6]  Petitioner remains free to request issuance of the certificate from the Court of Appeals. *See* 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY any application by petitioner to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997). Petitioner remains free to apply to proceed *in forma pauperis* in the Court of Appeals.

Date:  9/12/2007                           s/Timothy S. Hogan
    cbc                                    Timothy S. Hogan
                                                                   United States Magistrate Judge

J:\BRYANCC\2007 habeas orders\06-777grantmtd-sol.gp-rtapp.wpd

---

[6] Because this Court finds that the first prong of the two-part *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims in the petition. *See Slack,* 529 U.S. at 484.

10

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Rayshawn Walker,
    Petitioner,

                              Case No. 1:06cv777

    v.                       (Beckwith, C.J.; Hogan, M.J.)

Ernie Moore,
    Respondent.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation within **fifteen (15) days** after the date the Report and Recommendation is stamped as "filed" by the Clerk of Court. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Rayshawn Walker<br>392358<br>Lebanon Corr. Inst.<br>PO Box 56<br>Lebanon, OH 45036-0056 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |  |
| | 3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7002 0860 0000 1409 7264 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-01-M-2509 |

1: 06cv777   Doc. 9