IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Rayshawn Walker,             )
                             )
          Petitioner,        ) Case No. 1:06-CV-777
                             )
     vs.                     )
                             )
Ernie Moore,                 )
Warden,                      )
                             )
          Respondent.        )

O R D E R

This matter is before the Court on Respondent Ernie Moore's motion to dismiss (Doc. No. 7), Magistrate Judge Hogan's Report and Recommendation concluding that Respondent's motion should be granted (Doc. No. 9), and Petitioner Rayshawn Walker's objections to Magistrate Judge Hogan's Report and Recommendation (Doc. No. 12). For the reasons that follow, Petitioner's objections are not well-taken and are **OVERRULED**; the Court **ADOPTS** Magistrate Judge Hogan's Report and Recommendation; Respondent's motion to dismiss is well-taken and is **GRANTED.**

In an order dated January 2, 2008 (Doc. No. 13), the Court described the history of this case as follows:

> On November 14, 2006, Petitioner Rayshawn Walker, a prisoner currently serving a fifteen year sentence at Lebanon Correctional Institution after pleading guilty to committing voluntary manslaughter with a firearm specification, filed with this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising three grounds for relief. Respondent then moved to dismiss the petition on the grounds that Petitioner failed to file it within the one year

statute of limitations set forth in 28 U.S.C. § 2244(d).
Specifically, Respondent argued that the statute of limitations expired one year after the expiration of Petitioner's time for seeking direct review of his conviction and sentence. 28 U.S.C. § 2244(d)(1)(A). Petitioner, who was convicted and sentenced on April 6, 2000, did not file a direct appeal. Therefore, according to Respondent, the statute of limitations for filing a § 2254 petition expired one year after Petitioner's time to file an appeal as of right expired, which in this case would have been in May 2001.

Petitioner, on the other hand, claimed that the state court judge failed to advise him of his appellate rights at the time of sentencing and did not appoint appellate counsel to file a timely appeal on his behalf. Therefore, Petitioner argued that his petition should be deemed timely filed pursuant to § 2244(d)(1)(D), which provides that the one year limitations period commences on the date on which the factual predicate of the claim presented could have been discovered with reasonable diligence. Alternatively, Petitioner argued that the statute of limitations should be equitably tolled.

On September 12, 2007, Magistrate Judge Hogan issued a Report and Recommendation (Doc. No. 9) which concluded that Petitioner's habeas petition should be dismissed as time-barred. Magistrate Judge Hogan noted that Respondent had not provided the Court with a transcript of Petitioner's plea and sentencing hearings. Nevertheless, Judge Hogan concluded that even accepting as true Petitioner's allegation that the trial court failed to advise him of his appellate rights, he otherwise became aware of his right to appeal during the course of the proceedings. Specifically, Judge Hogan found that Petitioner's plea agreement sufficiently advised him of his appellate rights where it stated "I understand my right to appeal a maximum sentence, my other appellate rights and that any appeal must be filed within 30 days of my sentence." Regarding equitable tolling, Judge Hogan found that Petitioner had failed to demonstrate any extraordinary circumstance which would have prevented him from filing his habeas petition in a timely fashion. Judge Hogan

2

>concluded that Petitioner has not exercised due diligence in pursuing his habeas rights.
>Petitioner filed a timely objection to Magistrate Judge Hogan's Report and Recommendation. Doc. No. 12. In part, Petitioner focuses on the plea language which refers to appeal of a "maximum sentence" and argues that it would have been easy to become confused about his appellate rights since he was originally charged with aggravated murder and faced a maximum term of life imprisonment. In other words, Petitioner suggests that since he pled to guilty to a lesser offense with a lesser sentence, he reasonably could have believed that pursuant to the plea agreement he was only entitled to appeal a sentence of life imprisonment.

Id. at 1-3.

In partial answer to Petitioner's objections to the Report and Recommendation, the Court stated that a review of the transcripts of Petitioner's change of plea hearing and sentencing hearing would immediately confirm or dispel his contention that the trial court failed to advise him of his appellate rights. The Court also indicated that district courts have a duty to review state court transcripts before making final determinations in habeas proceedings. Accordingly, the Court ordered Respondent to advise the Court if transcripts of the state court proceedings concerning Petitioner were available, and, if not, provide an estimate of when they could be filed. Id. at 3-4.

In response to the Court's order, Respondent filed transcripts of Petitioner's state court change of plea and sentencing hearings (Doc. No. 14-2). Respondent also filed an additional memorandum in support of his motion to dismiss (Doc. No. 14-1) as well as additional exhibits (Doc. No. 14-3).

Respondent was not authorized to file either a supplemental memorandum or supplemental exhibits with the transcripts. Accordingly, Respondent's supplemental pleadings are deemed stricken from the record.

The Court now turns to the merits of the Report and Recommendation and Petitioner's objections. This Court reviews <u>de novo</u> a magistrate judge's report and recommendation on a dispostive issue. Fed. R. Civ. P. 72(b).

Review of Petitioner's sentencing hearing transcript indeed reveals that the state court judge failed to advise Petitioner of his appellate rights at the conclusion of the hearing. Doc. No. 14-2, at 26-38. On the other hand, the Court agrees with Magistrate Judge Hogan that the record demonstrates that Petitioner had actual knowledge of his appellate rights at the time of sentencing, and that, therefore, the AEDPA statute of limitations was not tolled. Consequently, Petitioner's § 2254 petition is barred by the one-year statute of limitations.

Initially, the Court notes that the plea agreement itself refutes Petitioner's contention that he might have understood that "maximum sentence," as the term is used in his plea agreement, referred to the aggravated murder charge originally filed against him, and not to the charges to which he pled guilty. The first paragraph of the plea agreement states, "I understand the maximum penalty as set out above[.]" Doc. No.

4

7-2, at 4. The spaces above this sentence list the offenses to which Petitioner pled guilty and the potential sentencing ranges, viz., voluntary manslaughter, in violation of Ohio Rev. Code § 2903.02, with a term of three to ten years of imprisonment, consecutive to the drive-by shooting enhancement, and a drive-by shooting enhancement, pursuant to Ohio Rev. Code § 2941.146, with a mandatory five year sentence. Accordingly, it is clear that "maximum sentence" or "maximum penalty," as used in the plea agreement, referred to these offenses and not the original aggravated murder charge. The plea agreement further states that "I understand my right to appeal a maximum sentence, my other limited appellate rights and that any appeal must be filed within 30 days of my sentence." Doc. No. 7-2, at 5. Thus, as Magistrate Judge Hogan correctly concluded, Petitioner's plea agreement gave him actual notice of his appellate rights.

The change of plea transcript confirms this conclusion. During the change of plea colloquy, in answer to the trial judge's questions, Petitioner affirmed that he read the plea agreement himself, that he discussed it with trial counsel, that he understood the plea agreement, that had he no questions about it, and that he signed the plea agreement voluntarily. Doc. No. 14-2, at 10-11. Therefore, Petitioner's claim that he did not have actual knowledge of his appellate rights, or alternatively,

that he did not understand his appellate rights, is not supported by the record.

In an analogous situation, the Supreme Court ruled that the district court's failure to advise the defendant of his appellate rights, as required by Fed. R. Crim. P. 32, is harmless error where the defendant has actual knowledge of his right to appeal. Peguero v. United States, 526 U.S. 30, 27-30 (1999). Here, despite the trial court's failure to comply with Ohio Rule of Criminal Procedure 32, the record demonstrates that Petitioner had actual knowledge of his right to appeal his sentence. Accordingly, there are no grounds to excuse his failure to file a timely notice of appeal from his conviction and sentence by the trial court.

Thus, as Magistrate Judge Hogan correctly concluded, Petitioner's conviction became final on May 6, 2000, thirty days after sentencing, and the § 2254(d)(1)(A) statute of limitations commenced running on May 8, 2000, and expired one year later, on May 8, 2001. Magistrate Judge Hogan also correctly concluded that there are no grounds for equitable tolling. More specifically, Magistrate Judge Hogan correctly found that Petitioner has not diligently pursued his rights, as evidenced by the five and a half year delay between the date his conviction became final and the filing of the instant habeas petition. In

6

sum, Magistrate Judge Hogan correctly found that Petitioner's habeas petition is barred by the statute of limitations.

Petitioner also appears to object that Magistrate Judge Hogan failed to address his contention that he is actually innocent of the drive-by shooting specification because that specification was not alleged in the indictment. Although Magistrate Judge Hogan did not address this claim in his Report and Recommendation, Petitioner is incorrect about the indictment. Specification 3 of the indictment, the one to which Petitioner entered a guilty plea, states:

> The Grand Jurors further find and specify that the said RAYSHAWN WALKER committed the offense of Aggravated Murder as charged in count 1 of this indictment, a felony that included as an essential element, purposefully or knowingly causing or attempting to cause death or physical harm to another, by discharging a firearm from a motor vehicle, other than a motor home.

Doc. No. 7-2, at 3; <u>compare with</u> Ohio Rev. Code § 2941.146.[1] Plainly, the drive-by shooting specification was alleged in the indictment as required by state law. Therefore, this objection is without merit.

Accordingly, for the reasons stated, Petitioner's objections to Magistrate Judge Hogan's Report and Recommendation are not well-taken and are **OVERRULED**; the Court **ADOPTS** the Report and Recommendation; Respondent's motion to dismiss is well-taken and is **GRANTED.** The habeas petition is **DISMISSED WITH PREJUDICE. THIS CASE IS CLOSED.**

A certificate of appealability will not issue with respect to this order because under the first prong of the applicable two-part standard established in <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its

---

[1] This section states:

(A) Imposition of a mandatory five-year prison term upon an offender under division (D)(1)(c) of section 2929.14 of the Revised Code for committing a violation of section 2923.161 of the Revised Code or for committing a felony that includes, as an essential element, purposely or knowingly causing or attempting to cause the death of or physical harm to another and that was committed by discharging a firearm from a motor vehicle other than a manufactured home is precluded unless the indictment, count in the indictment, or information charging the offender specifies that the offender committed the offense by discharging a firearm from a motor vehicle other than a manufactured home.

8

procedural ruling.  Petitioner remains free to request issuance of the certificate of appealability from the Court of Appeals. See 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b).  With respect to any application by Petitioner to proceed on appeal in forma pauperis, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this order would not be taken in good faith. Therefore, Petitioner is **DENIED** leave to appeal in forma pauperis.  See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED**

Date February 6, 2008              s/Sandra S. Beckwith
                                   Sandra S. Beckwith, Chief Judge
                                    United States District Court

9